**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL SCHWARTZ,

Plaintiff-Appellant,

v.

OFELIA TATAD; et al.,

Defendants-Appellees.

No.    17-17166

D.C. No. 4:14-cv-02013-JAS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted November 13, 2019
Pasadena, California

Before:  GRABER, BERZON, and CHRISTEN, Circuit Judges.

Paul Schwartz appeals from the district court's dismissal and grant of

summary judgment on his claims under the Eighth Amendment that prison

administrators and medical professionals were deliberately indifferent in treating

serious illnesses he experienced while incarcerated. *Estelle v. Gamble*, 429 U.S.

97, 104–06 (1976). We affirm in part and reverse in part.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. We have jurisdiction over the appeal of the order dismissing four of the defendants—Kate Adkins, Ann Ash, Becky Clay, and Christopher Lamb. Schwartz designated the district court's "order granting Summary Judgment and Judgment filed on September 26, 2017" as the subject of his appeal. The final judgment encompassed the district court's earlier dismissal order. *See* Fed R. Civ. P. 54(b) (establishing that a district court must ordinarily enter final judgment only once for all parties).

2. The district court appropriately dismissed Schwartz's claims against those four defendants without prejudice under 28 U.S.C. § 1915A. Although district courts must give pro se plaintiffs "the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted), Schwartz's filings were too vague to state a plausible claim.

As the dismissal was without prejudice, on remand Schwartz can seek leave to amend his claims against Clay and Lamb, the warden and associate warden of FCI Tucson. "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citation omitted). This principle has particular force for pro se plaintiffs. *Id*. There is at least some evidence in the record as developed after the district court dismissed the four defendants that Clay and Lamb "knew of the violations [alleged by Schwartz] and failed to act to prevent them." *Taylor v. List*,

880 F.2d 1040, 1045 (9th Cir. 1989). In particular, Schwartz repeatedly emailed both Clay and Lamb to tell them that he was not receiving care.

3. We reverse the grant of summary judgment for Ofelia Tatad. Throughout much of Schwartz's time at FCI Tucson, Tatad was Schwartz's frontline care provider. Delays in providing treatment can constitute deliberate indifference where the delay causes suffering. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23, 1123 n.8 (9th Cir. 2012). According to Schwartz, Tatad repeatedly failed to record his visits to FCI Tucson's clinic or refer him for further care, even though he reported—and was documented as having—serious symptoms, such as tachycardia and blood in his urine. As a result, viewing the current record most favorably to Schwartz, a jury could find that Tatad "den[ied], delay[ed] or intentionally interfere[d] with [Schwartz's] medical treatment." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

4. The district court correctly granted summary judgment in favor of Thomas Longfellow, FCI Tucson's medical director. Longfellow never treated Schwartz. To be responsible for an Eighth Amendment violation, Longfellow, like Clay and Lamb, had to "kn[o]w of the violations [Schwartz endured] and fail[] to act to prevent them." *Taylor*, 880 F.2d at 1045. Although Longfellow periodically reviewed Schwartz's care and signed off on certain procedures, there is no evidence that Longfellow ever knew of or deliberately disregarded any violations

3

of Schwartz's constitutional rights.

As chair of the Utilization Review Committee, Longfellow denied two requests for specialty consultations. But, rather than repeated denials of specialty care requests,[1] *see Snow v. McDaniel*, 681 F.3d 978, 987, 989 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc), these were isolated denials that, on their own, say nothing about Longfellow's responsibility for any injurious delays in Schwartz's treatment.

**AFFIRMED in part; REVERSED in part.**

---

[1] In fact, Schwartz saw one of the specialists a month after the initial request was denied.